PARKS, Associate Justice
(concurring in part and dissenting in part).
Obviously the Circuit Judge in his decree dismissing the bill for want of jurisdiction to grant injunctive relief by-passed the question of the constitutionality of the Act. Although I think the Chancellor was in error in holding that he was without jurisdiction to grant any relief under the bill, I do not agree that the statute may be construed to authorize relief by injunction against the operation of the nursery without a license.
The bill alleges that the Board, as authorized under the Act, adopted detailed regulations providing minimum standards of care for the conduct of day nurseries of the character operated by the -defendant. A copy of these regulations are attached to the bill. It is further charged that defendant’s day nursery failed to conform to the regulations; that several conferences were had with defendant and suggestions made for improving her facilities and operation so that compliance with the regulations could be effected. All without result. Her application for a license then pending was finally disallowed and her persistent continuance of the operation of the nursery precipitated this suit.
The bill in its terms and prayer furnished a basis for injunctive relief solely against the operation of the nursery without a license, yet it sketches in general language a violation of the standards prescribed by the regulations. With proper allegations it could have prayed for relief on either ground. Even though the allegations fail to measure up to the requirement of good pleading to make out a case of operating the nursery in violation of the regulations, they were susceptible of amendment to furnish a basis for such relief and the Chancellor, in view of the public interest involved in the case, could have required a recast of the -bill to that end. Grounded on the basis of a failure to conform to the standards established by the regulations the question of lack of jurisdiction would have been obviated and a case of maintaining a public nuisance presented for his consideration and determination. Valdez v. State ex rel. Farrior, 142 Fla. 123, 194 So. 388, and Pom *62 pano Horse Club v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51. The holding in those cases authorizes the granting of injunctive relief upon the application of the Welfare Board. This power is inherent in the Court and no statutory authorization is necessary.
I concur in reversal of order of dismissal.
TERRELL, J., concurs.